# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MONTE MCCOY** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PROGRESSIVE INSURANCE** | : | |
| **COMPANY and JOHN DOE** | : | **NO. 20-5592** |

## MEMORANDUM

**Savage, J.**                                                                                                                       **December 2, 2020**

The plaintiff has moved to remand this action the defendant Progressive Insurance Company removed from state court. He contends that Progressive has not satisfied the $75,000.00 amount-in-controversy requirement for removal of an action on the basis of diversity of citizenship under 28 U.S.C. §§ 1332 and 1441. He notes that his breach of contract claim is based on a $25,000.00 insurance policy and he has limited his damages to no more than $50,000.00.[1]

Because Progressive has failed to meet its burden to show that the amount in controversy exceeds the jurisdictional threshold, we shall grant the motion and remand for lack of subject matter jurisdiction.

A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating, by a preponderance of the evidence, that the opposing parties are citizens of different states and the amount in controversy exceeds the $75,000.00 jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84, 88 (2014) (citing 28 U.S.C. § 1446(c)(2)(A), (B)); *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018); *Kaufman v. Allstate New*

---

[1] Pl.'s Mot. to Remand (Doc. No. 4) ¶¶ 5-6, 14.

*Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)). Additionally, removal statutes are to be strictly construed against removal, and all doubts are resolved in favor of remand. *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

To determine the amount in controversy, we conduct a "reasonable reading of the value of the rights being litigated" based on the allegations in the complaint at the time of removal. *Auto–Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395, 397 (3d Cir. 2016) (quoting *Angus v. Shiley*, 989 F.2d 142, 145-46 (3d Cir. 1993)). Even if the plaintiff states that his damages fall below the federal jurisdictional threshold, we must perform an "independent appraisal of the value of [his] claim," looking to state law to determine the nature and extent of damages to be awarded. *Morgan v. Gay*, 471 F.3d 469, 474–75 (3d Cir. 2006); *Angus*, 989 F.2d at 146.

In its notice of removal, Progressive contends that the amount in controversy exceeds the $75,000.00 jurisdictional threshold. Pointing to a single sentence in the complaint where the plaintiff states that Progressive did not offer to pay the plaintiff the fair value of his claim "in bad faith,"[2] it construes the plaintiff's contract claim as a bad faith action brought under 42 Pa. C.S.A. § 8371. So, it argues, because punitive damages, interest and attorneys' fees are recoverable under Pennsylvania's bad faith statute, those damages combined with the $25,000.00 in uninsured motorist benefits under the policy bring the amount in controversy over the jurisdictional threshold.[3]

---

[2] Compl. (Doc. No. 1-1) ¶ 20.

[3] Not. of Removal (Doc. No. 1) ¶¶ 13-17.

Contrary to Progressive's characterization of the complaint, the plaintiff does not assert a bad faith claim.  In his complaint, the plaintiff asserts only a breach of contract claim against Progressive pursuant to an automobile insurance policy providing him with $25,000.00 in uninsured motorist benefits.  He does not seek punitive damages, interest or attorneys' fees.[4]  In the *ad damnum* clause, he specifically requests a judgment against Progressive "not to exceed the jurisdictional arbitration limits [of $50,000.00], for payment of pain and suffering, medical expenses, [and] damages."[5]  Under the heading "Amount in Controversy" on the Civil Cover Sheet filed with the complaint, he checked "$50,000.00 or less."[6]

Because the defendant has failed to meet its burden to show that the amount in controversy exceeds the jurisdictional threshold, we shall remand this action for lack of subject matter jurisdiction.

---

[4] Compl. ¶¶ 4-5.

[5] *Id.* at ECF 7.

[6] *Id.* at ECF 2.